## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOZEF GARAN, ) | CIVIL ACTION NO.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **NOTICE OF REMOVAL** |
| ) | |
| NEW YORK-PRESBYTERIAN HOSPITAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 29 U.S.C. § 1132(e)(1), defendant, New York-Presbyterian Hospital ("New York-Presbyterian"), files this Notice of Removal of plaintiff's above-captioned civil action, No. 100945/2024, from the Supreme Court of the State of New York, County of New York, to this Court. In support of removal, defendant states as follows:

## PLEADINGS AND BACKGROUND

1. On August 7, 2024, plaintiff Jozef Garan filed a pro se complaint and caused to be issued a summons in the Supreme Court of the State of New York, County of New York, Case No. 100945/2024 (the "State Court Action"). A true and accurate copy of the Complaint and Summons is hereto as Exhibit A ("Complaint"). No further pleadings, process or orders have been served or issued upon defendant in the State Court Action.

2. Defendant was served with the Complaint no earlier than August 26, 2024. Defendant did not receive, through service or otherwise, any copy of the of the Summons, Complaint, or any other document setting forth the claims for relief upon which the State Court Action is based or from which it could be determined that this case could be removed prior to August 26, 2024. This Notice is timely as it is being filed less than 30 days from that date. 28

U.S.C. § 1446(b). *See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) (holding that the time to remove an action runs from receipt of service of process).

3. The Complaint alleges that defendant failed to provide benefits under the Employees' Retirement Plan of Lawrence Hospital Center, an employee pension plan ("the Plan"), and seeks what plaintiff describes as a correction of alleged benefits payable under the Plan. As set forth below, the Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.,* and the claim is one for which this Court has jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

4. In accordance with 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders that have been filed and served in the state court action are attached to this Notice of Removal as Exhibit A.

5. Defendant is the sole defendant in this case. All defendants therefore join in and consent to the removal of this case.

6. This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, the Court is the proper district to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

7. Pursuant to 28 U.S.C. § 1446(b), defendant will promptly provide written notice of removal of the action to all adverse parties and will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the state of New York for the County of New York.

8. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## JURISDICTION

9. The State Court Action brought by plaintiff is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that it appears from the Complaint and otherwise that this action arises under the laws of the United States. The State Court Action asserts claims arising under ERISA, and specifically 29 U.S.C. § 1132(a)(1)(B), as plaintiff is seeking benefits under the terms of the Plan.

10. Specifically, plaintiff alleges that he was an employee of New York-Presbyterian Hospital, that he was a participant in the Plan provided to union employees of New York-Presbyterian Hospital by virtue of his employment, and that he received less benefits under the Plan than the amount he was entitled to receive and did not receive the proper credit for years of service. (Ex. A, Complaint ¶ 1).

11. The Plan is a "pension plan" as defined by 29 U.S.C. § 1002(2)(A) in that it is a plan "established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund or program – (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan."

12. Plaintiff asserts claims under 29 U.S.C. § 1132(a)(1)(b) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. (Ex. A, Complaint ¶ 1). Accordingly, as there is federal question jurisdiction, this action is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(a). *Metropolitan Life Insurance Co. v. Taylor*, 481

U.S. 58 (1987) (explaining that Congress meant to so completely pre-empt this subject area that any claim under § 1132 necessarily arises under federal law).

13. "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* at 63-64 (removing § 1132(a)(1)(b) claim where complaint purported to raise only state law causes of action); *Montefiore Med. Ctr. v. Teamsters Loc. 272,* 642 F.3d 321, 327 (2d Cir. 2011) ("Complete preemption permits removal of a lawsuit to federal court based upon the concept that where there is complete preemption, only a federal claim exists.") (internal citation omitted).

14. Because plaintiff alleges claims arising under and from his ERISA-governed pension plan, such claims arise under ERISA and otherwise under the laws of the United States and this Court has jurisdiction pursuant to 28 U.S.C. § 1331 such that removal is appropriate. *Taylor*, 481 U.S. at 66 (1987) (holding that claims under § 1132(a)(1)(b) are removable to federal court); *see also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 52-57 (1987) (ERISA preempts state law claims for benefits under an employee benefit plan).

WHEREFORE, defendant, New York-Presbyterian Hospital prays that the above-described action now pending in the Supreme Court of the state of New York for the County of New York be removed to this Court.

Date: September 16, 2024

Respectfully submitted,

/s/ *Justin A. Guilfoyle*
Justin A. Guilfoyle
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4607

Facsimile: (212) 589-4201
Email: jguilfoyle@bakerlaw.com

*Attorney for Defendant New York-Presbyterian Hospital*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2024, I electronically filed a Notice of Removal in this action that was originally filed in the Supreme Court of New York, County of New York in this court. Also, on September 16, 2024, I filed formal notice of the removal (including a copy of the Notice of Removal Papers filed in this Court) with the Supreme Court of New York, County of New York. On the same date, I also served a copy of the removal papers, disclosure statement, and civil cover sheet via first class mail to pro se plaintiff below:

Jozef Garan  
14 Mulberry Street Apt. 3F  
Yonkers, NY 10701  
Tel: 914-552-6990

                                                    /s/ *Justin A. Guilfoyle*  
                                                    Attorney for Defendant