UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOZEF GARAN, <br><br>          Plaintiff, <br><br> -against- <br><br> NEW YORK-PRESBYTERIAN HOSPITAL, <br><br>          Defendant. | 24-cv-6978 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

  On August 7, 2024, Plaintiff Jozef Garan filed this case against defendant New York-Presbyterian Hospital in New York state court. *See* Dkt. 1, ¶ 1. Garan asserts he was denied benefits he is owed under the hospital's employee pension plan. Dkt. 1, ¶ 3; Dkt. 1, Ex. A.

  New-York Presbyterian removed this case to federal court. The hospital alleges that the plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, so there is federal jurisdiction under 29 U.S.C. § 1132(e)(1). Dkt. 1, ¶ 9-14. Garan seeks to send this action back to state court. Dkt. 9. For the reasons described below, Garan's motion is DENIED.

  The Court has an obligation to construe a pro se litigant's filings liberally and interpret the filings to "raise the strongest argument that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even still, the Court finds that removal was proper.

  On the facts alleged in Garan's complaint, New-York Presbyterian's pension plan is a "pension plan" under ERISA. ERISA defines "pension plan[s]" as:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program--
>
>   (i) provides retirement income to employees, or
>
>   (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.

regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C. § 1002(2)(A). As described by Garan, the hospital's pension plan is a plan maintained by an employer to provide retirement income to employees. *See* Dkt. 1, Ex. A. So the plan falls within ERISA's scope. New-York Presbyterian agrees. *See* Dkt. 1, ¶ 11.

This makes Garan's suit one under 29 U.S.C. § 1132(a)(1)(B). That provision applies to all actions brought by a plan beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

The jurisdictional provisions of ERISA give state courts and federal district courts concurrent jurisdiction over suits like Garan's. 29 U.S.C. § 1132(e)(1) ("State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section."). Garan's suit may be heard by either a federal or a state court.

Because there is federal jurisdiction for Garan's claim, removal was proper. *See Yurcik v. Sheet Metal Workers' Int'l Ass'n*, 889 F. Supp. 706, 707 (S.D.N.Y. 1995); *Johnson v. First Unum Life Ins. Co.*, 914 F. Supp. 51, 52 (S.D.N.Y. 1996); *see also* 28 U.S.C. § 1441. The Court also does not see any errors in how New-York Presbyterian removed the case, nor has Garan raised any in his motion. *See* Dkt. 9. Garan's motion for remand is denied.

The Court previously informed the parties that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide a pro se party with advice in connection with their case. The Pro Se Law Clinic is now run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

Litigants in need of legal assistance should complete the City Bar Justice Center's intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

The Clerk of Court is directed to terminate the motion at Dkt. 9.

SO ORDERED.

Dated: October 4, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3